UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

JS-6

Case No.  SACV 10-1285-JST (Ex)                                              Date:  October 14, 2010

Title:  MAC 1 Investments, LLC v. Teresa Santamaria Boceta, et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

   Ellen Matheson                                                        N/A
    Deputy Clerk                                                     Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

    Not Present                                                     Not Present

**PROCEEDINGS:**     **(IN CHAMBERS) ORDER GRANTING MOTION TO REMAND (Doc. 6)**

      Before the Court is Plaintiff's unopposed Motion to Remand to State Court (Doc. 6).  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.  Accordingly, the hearing set for October 18, 2010, at 10:00 a.m. is removed from the calendar.  Having considered Plaintiff's papers, the Court GRANTS the Motion to Remand.

   I.  Background

      On July 21, 2010, Plaintiff MAC 1 Investments filed an unlawful detainer action in state court against Defendant Teresa Santamaria Boceta.  (Notice of Removal ¶ 1.)  Defendant filed an Answer, and the action was scheduled to be heard on Monday, August 23, 2010. (Mot. to Remand at 2.)  On Friday, August 20, 2010, Defendant removed the action to this Court.  (*Id.*)  The Court now remands the case for lack of subject matter jurisdiction.

   II.  Legal Standard

      Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332.  If at any time before the entry of final judgment, it appears that the Court lacks subject matter jurisdiction over a case that was removed from state court, it must remand the action to state court.  *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991).  There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected.  *See id.* at 566-67.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

JS-6

Case No.  SACV 10-1285-JST (Ex)                                      Date:  October 14, 2010

Title:  MAC 1 Investments, LLC v. Teresa Santamaria Boceta, et al.

III. Discussion

A. Motion to Remand

Removal was clearly improper in this case.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)).  This is the case where the complaint "establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

Here, Plaintiff's only cause of action is for unlawful detainer under state law.  Therefore, no federal question is presented on the face of the Complaint.  Defendant argues that there is federal question jurisdiction over this action pursuant to 12 U.S.C. § 1819(b)(2)(A), because the Federal Deposit Insurance Commission is an "indispensable real party in interest," and thus ought to be a party to the action. (Notice of Removal ¶ 9.)  Defendant's sole authority for that contention, however, is no longer good law.  *In re Hwang*, CV 08-7871 PSG, 2010 WL 3422718 (C.D. Cal. July 21, 2010) (reversing *In re Hwang*, 396 B.R. 757 (Bankr. C.D. Cal. 2008)); *see also Hill v. Kayatta*, CV 10-6064 PSG, 2010 WL 3367462, at *1 (C.D. Cal. Aug. 25, 2010) (rejecting Defendant's arguments because they improperly relied on *In re Hwang*).

Defendant also argues that there is federal question jurisdiction because Defendant intends to file a cross-complaint asserting claims alleging violations of, *inter alia*, Defendant's Fifth Amendment right to procedural due process of law, the Truth in Lending Act, and the Real Estate Settlement Procedures Act.  (Notice of Removal ¶¶ 10-11, 15.)  Even if Defendant had filed a cross-complaint asserting the above claims, which she has not, under the well-pleaded complaint rule, a defendant's claims or defenses may not serve as a basis for removal.  *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985).  Therefore, the cross-complaint contemplated by Defendants cannot support subject matter jurisdiction.

Moreover, Defendant was required to file an opposition no later than twenty-one days before the hearing date.  C.D. Cal. R. 7-9.  Failure to do so may be deemed consent to the granting of a motion.  *Id.* at 7-12.  The Court hereby deems Defendant's failure to file a timely, written opposition as consent to the granting of the Motion.  For all of the above reasons, the Court GRANTS Plaintiff's Motion to Remand.

B. Request for Attorney Fees

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

JS-6

Case No. SACV 10-1285-JST (Ex)            Date: October 14, 2010
Title: MAC 1 Investments, LLC v. Teresa Santamaria Boceta, et al.

     Plaintiff requests that it be allowed to recover attorney fees incurred for Plaintiff's appearance and the preparation of filings before the Court, pursuant to 28 U.S.C. § 1447(c). Under § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). District courts have wide discretion over whether to award costs or fees. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 447 (9th Cir. 1992). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (quoting *Martin*, 546 U.S. at 136).

     Here, there was no objectively reasonable basis for removal. Clearly established state and federal law unequivocally prohibit removal under the circumstances of this case. Indeed, counsel for Defendant was well aware of the frivolous nature of the arguments made, as they were counsel in at least two other cases in which the same arguments were rejected by the district court. *See Hill*, 2010 WL 3367462 (rejecting the same arguments five days after the filing of Defendant's petition, but prior to the filing of Plaintiff's Motion); *HSBC Bank USA, N.A. v. Esparza*, SACV 10-1028 AG, 2010 WL 2803957 (C.D. Cal. July 15, 2010) (rejecting the same arguments prior to the petition).

     In addition, Defendant filed a petition for removal of this action on the last business day prior to the scheduled state court hearing, suggesting that the petition was filed as a delaying tactic. The fact that Defendant failed to oppose the motion to remand implies that Defendant recognized the meritless nature of the removal.

     Because Defendant provided no reasonable explanation for the removal action, frustrated the summary nature of Plaintiff's unlawful detainer action, and forced the prolonged expenditure of resources in both state and federal court, the Court GRANTS Plaintiff's request for attorney's fees.

  IV. Conclusion

     Plaintiff filed a simple unlawful detainer action in state court. The complaint pleads an exclusively state law cause of action, seeks exclusively state law remedies, and makes no mention of federal law. This Court does not have subject matter jurisdiction over such a suit. Accordingly, the Court GRANTS Plaintiff's motion to remand.

     Moreover, because the Court finds that Defendant's attempted removal lacked any basis in law or fact, the Court GRANTS Plaintiff's request for attorney's fees and expenses incurred in connection with this motion. Plaintiff shall submit evidence of its costs to the Court for the Court's approval no later than Monday, October 25, 2010.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**JS-6**

Case No.  SACV 10-1285-JST (Ex)                                   Date:  October 14, 2010
Title:  MAC 1 Investments, LLC v. Teresa Santamaria Boceta, et al.

Initials of Preparer:  _db_____